Samuel L. Butt
Of Counsel

sbutt@schlamstone.com

Schlam Stone & Dolan LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

August 12, 2019

BY ECF
Hon. Joanna Seybert
Hon. Steven Locke
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re:   Better Mornings, LLC et ano. v. Joseph Nilsen et ano., Case No: 2:19-cv-03854

Dear Judge Seybert and Magistrate Judge Locke:

This firm represents Defendants Joseph Nilsen and Digital Checkmate, Inc. ("Defendants") in the above-captioned action. I write pursuant to Fed. R. Civ. P. 6(b) to request an extension of time for Defendants to answer or move with respect to the Complaint and to request that the Clerk's entry of default be vacated for good cause shown pursuant to Fed. R. Civ. P. 55(c). The letter is addressed to both Judge Seybert and Magistrate Judge Locke because we understand per Judge Seybert's individual practices Rule I.E.1 a request for an extension of time to file a responsive pleading should be made to the assigned Magistrate Judge, but are not sure if that rule pertains to the circumstances of this matter as outlined below.

This firm was retained by Defendants last week and, due to the pending application by Plaintiffs for entry of default from the Clerk (ECF Doc. No. 7) when we were retained, I promptly called counsel for Plaintiffs, Lorenz Wolffers, on August 9, 2019 to request an extension of time to respond to the Complaint. Mr. Wolffers stated on the call that my suggestion of reaching an agreement on a time to respond made sense, but that he needed to discuss with his colleague, Berwin Cohen, and the client. We subsequently corresponded via email to pick a time to speak further and agreed upon today, at 11:30 a.m. After I spoke with Mr. Wolffers on August 9, the Clerk entered its Entry of Default (ECF Doc. No. 10). I again spoke to Mr. Wolffers, Mr. Cohen, and a third colleague of theirs, William Talbot, today, and outlined that Mr. Nilsen had not been properly served and that the entity had not received service through the Secretary of State since the address on file was no longer correct. I further stated that we would agree to accept service in exchange for an extension of 60 days to respond to the Complaint. Mr. Cohen later called me back and rejected the offer. When I asked if Plaintiffs would consider a

request for 30 or 45 days to respond in exchange for accepting service on the same call, Mr. Cohen rejected that as well.

As I explained to Plaintiffs' counsel, service upon Mr. Nilsen was not proper. The affidavit of service accompanying Plaintiffs' request for entry of default (ECF Doc. No. 7-3) asserts that Mr. Nilsen was served by delivering the Summons and Complaint to a Jane Doe at 528 Syracuse Avenue, Massapequa, NY 11758. Mr. Nilsen does not reside that address; his mother does. But substitute service upon a person at a place other than the Defendants' place of business or dwelling is not proper. CPLR § 308. Further, although Defendant Digital Checkmate was served through the Secretary of State, the address on file with the Secretary of State is out of date. Thus, Digital Checkmate never received the copy of the Summons and Complaint forwarded by the Secretary of State.

Upon learning of the default, Defendants promptly retained counsel and sought to proceed on the merits. This constitutes good cause, the determination of which looks at whether 1) the default was willful; 2) the defendant demonstrated the existence of a meritorious defense to the defaulted claims; and 3) vacating the default will cause the non-defaulting party prejudice. *In re FKF 3, LLC*, 501 B.R. 491, 500 (S.D.N.Y. 2013) (vacating default even where party properly served). Where the default is administrative, as in the case of entry of default by Clerk, as here, the standards for setting aside the default are "more forgiving." *State Farm. Mut. Auto. Ins. Co. v. Cohen*, 409 Fed. Appx. 453, 456 (2d Cir. 2011).

The default was not willful as Defendant Nilsen was not properly served and any process mailed by the Secretary of State went to an out-of-date address for Digital Checkmate and was not received. "The courts in this circuit have interpreted willfulness to refer to conduct that is more than merely negligent or careless." *GMG Transwest Corp. v. PDK Labs, Inc.*, No. CV072548TCPARL, 2009 WL 10708788, at *2 (E.D.N.Y. Mar. 5, 2009), report and recommendation adopted, No. CV072548TCPARL, 2009 WL 10708789 (E.D.N.Y. June 29, 2009). There is a meritorious defense in that Defendant Nilsen contends that he was not properly served. Defendants also dispute that they have engaged in the acts alleged in the Complaint. Finally, even if service had been proper or received, the time for Defendants to respond was, at the earliest, July 31, 2019 (for Mr. Nilsen) and August 1, 2019 (for Digital Checkmate). I reached out to Plaintiffs' counsel on August 9, 2019. The brief delay of just over a week cannot be said to have caused any prejudice to Plaintiffs.

Accordingly, given the strong policy preference of the Courts to adjudicate disputes on the merits, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (noting Second

Circuit's "oft-stated preference for resolving disputes on the merits"), we respectfully request that Defendants have until October 11, 2019 to answer or move with respect to the Complaint and the entry of default be vacated for good cause shown pursuant to Fed. R. Civ. P. 55(c).

Should the Court prefer or deem it necessary, we will, of course, proceed by formal motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

Samuel L. Butt


Copies To (via ECF):
Lorenz Wolffers, Esq.
Berwin Cohen, Esq.