Berwin Cohen (FBN:BC0579)
berwin@wolfferscohen.com
Lorenz Wolffers (FBN:LW6950)
lorenz@wolfferscohen.com
Wolffers Cohen & Edderai LLP
325 W. 38th Street, Suite 1502
New York, NY 10952
P: 646-807-8543 F: 646-619-4358

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTER MORNINGS, LLC and ISLAND BREEZE, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH NILSEN and DIGITAL CHECKMATE, INC.<br><br>Defendants. | Case No.: 2:19-cv-03854<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs Better Mornings, LLC and Island Breeze, LLC ("Plaintiffs"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 of the United States Court for the Eastern District of New York, hereby move for entry of a default judgment against Defendants Joseph Nilsen and Digital Checkmate, Inc. (collectively, "Defendants") by reason of Defendants' failure to answer the Complaint or otherwise defend this action.

**I.    Background and Defendants' Default**

Plaintiffs initiated this action by filing a Complaint against Defendants on July 2, 2019, seeking damages and to restrain Defendants from interfering with and damaging their business interests by unlawful and malicious conduct, including false advertising under 15 USC §1125(a), product disparagement, commercial defamation, and deceptive business practices under New York Gen. Bus. Law § 349. The summons and complaint were properly served on Defendant Joseph Nilsen on

July 10, 2019. See <u>Exhibit A to Declaration of Berwin Cohen, Affidavit of Service on Joseph Nilsen</u>. The summons and complaint were properly served on Defendant Digital Checkmate, Inc. on July 11, 2019. See <u>Exhibit B to Cohen Decl., Affidavit of Service on Digital Checkmate, Inc</u>. Pursuant to Federal Rule of Civil Procedure 12(a), Defendants were required to file an appearance within 21 days of service. Thus, Defendant Nilsen was required to file an appearance on or before July 30, 2019 and Defendant Digital Checkmate, Inc. was required to file an appearance on or before July 31, 2019. To date, neither Defendant has filed any answer or responsive pleading or otherwise made an appearance in this case.

On August 2, 2019, Plaintiffs filed a Request for a Certificate of Default with this Court. The Clerk of Court entered Defendants' default on August 9, 2019, and thereafter issued a Certificate of Default. See <u>Exhibit C to Cohen Decl., Clerk's Certificate of Default.</u>

**II.  Default Judgment Against Defendants is Proper**

Federal Rule of Civil Procedure 55(b)(2) permits entry of default judgment in cases where a defendant has not made a responsive pleading or has otherwise failed to appear in the case. The decision whether to enter a default judgment is left to the sound discretion of the court. See <u>Enron Oil Corp. v. Diakuhara,</u> 10 F.3d 90, 95 (2d Cir. 1993). Defendants in this case, despite repeated notice of the pendency of this action, have failed to file any responsive pleading or make any appearance before this Court. The Clerk of Court has now entered and certified Defendants' default in this action. By failing to defend this case, Defendants have effectively conceded the allegations in Plaintiffs' Complaint.  Defendants' refusal to respond is not surprising, as Defendants have continued their attacks on Plaintiffs even after filing and service of the Complaint. Entry of default judgment under these circumstances is appropriate, and Plaintiffs respectfully request the Court exercise its discretion and enter default judgment against the Defendants.

**III.  Injunctive Relief Is Warranted and Proper**

As part of its motion for default judgment, Plaintiffs request that the Court grant them permanent injunctive relief to stop Defendants' false advertising and defamatory attacks on Nutragroup's business, products, and personnel. A court may provide for injunctive relief through a default

Memorandum of Law

judgment. Indeed, "[t]he Court may issue an injunction on a motion for default judgment upon a showing by the moving party that he is entitled to injunctive relief under the applicable statute, and that he meets the prerequisites for the issuance of an injunction." Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 118 (E.D.N.Y. 2010), quoting King v. Nelco Indus., Inc., 96-CV-4177, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996). Both of these conditions are satisfied here.

The Lanham Act specifically provides for injunctive relief to protect the rights of parties like Plaintiffs. See 15 U.S.C. § 1116(a). To obtain a permanent injunction, a plaintiff must show that: "(1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) the public's interest would not be disserved by a permanent injunction." Montblanc-Simplo GmbH v. Colibri Corp., 692 F. Supp. 2d 245, 258 (E.D.N.Y. 2010), citing eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)).

Plaintiffs satisfy all of these requirements. Defendants' default constitutes an admission of liability, and of the truth of all of the well-pleaded allegations in the Complaint. See Greyhound Exhibit Group, Inc. v. E.L.UL. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). As such, Defendants' default constitutes an admission that they have engaged in false advertising, commercial defamation, product disparagement, and unfair competition in violation of NY GBL§ 349. By their ongoing pattern of false attacks on Plaintiffs and their products, Defendants have assumed control over Plaintiffs' reputation, which is sufficient to show irreparable harm and the lack of adequate remedies at law. "Irreparable harm exists when the moving party "shows that it will lose control over the reputation of its trademark, because loss of control over one's reputation is neither calculable nor precisely compensable." Am. Auto. Ass'n, Inc. v. Limage, No. 15CV7386NGGMDG, 2016 WL 4508337, at *6 (E.D.N.Y. Aug. 26, 2016), citing New York City Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 343 (S.D.N.Y. 2010).

Memorandum of Law

With respect the third factor, the balance of hardships, the balance here is plainly in Plaintiffs' favor. Plaintiffs are simply trying to do business, while Defendants attack and defame the company, its products, and its personnel. These activities undermine Plaintiffs' hard-earned reputation for quality, depress sales, and damage the goodwill represented by Plaintiffs' brands, Better Mornings and Island Breeze. On the other side of the scale, if the Court enters a permanent injunction against Defendants, all that will be required of them is their compliance with the Lanham Act, and to cease spreading falsehoods about Plaintiffs and their products. See Microsoft Corp. v. Atek 3000 Computer Inc., No. 06CV6403, 2008 WL 2884761, at *5 (E.D.N.Y. July 23, 2008). ("The third factor—the balance of hardships—also favors granting a permanent injunction because such an injunction only serves to require defendant to comply with the Copyright and Lanham Acts and plaintiff stands to lose goodwill and sales if an injunction is not granted."). Defendants may otherwise go about their business.

Finally, the public interest also weighs strongly in Plaintiffs' favor. Like all businesses, Plaintiffs have a right to trade on the actual merit of their products. The public has an interest in not being subjected to confusing and potentially misleading falsehoods and disparaging statements, and gains nothing by exposure to Defendants' falsehoods and unfounded tirades. In short, both businesses and consumers benefit by barring Defendants' defamatory statements and unfair conduct from the marketplace.

Thus, Plaintiffs satisfy all of the elements necessary for injunctive relief. As such, it is appropriate for the Court to award default judgment including permanent injunctive relief, and Plaintiffs respectfully requests the Court enter such judgment.

### IV. Attorney's Fees and Costs Are Authorized and Appropriate

The Lanham Act provides that the Court may award reasonable attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The decision whether to grant attorney's fees rests within the sound discretion of the district court. See Microsoft Corp. v. Atek 3000 Computer Inc., 2008 WL 2884761 at *4. Cases such as this one, where the defendants have conceded to false advertising in violation of the Lanham Act, can be exceptional cases that justify an award of

attorney's fees. See e.g., <u>Merck Eprova AG v. Gnosis S.p.A.</u>, 760 F.3d 247, 264 (2d Cir. 2014). Through their default, Defendants have admitted to conduct that is malicious, in bad faith, and which reflects a reckless indifference to the interests of Plaintiffs and consumers at large. <u>Dkt. No. 1, Complaint, ¶¶78-82.</u> Indeed, Defendants' false advertising and defamatory attacks have continued even after the Complaint was filed. Defendants' admitted willful misconduct and the circumstances of this case make this an "extraordinary case" under the Lanham Act, and Plaintiffs respectfully request that the Court grant its request for attorney's fees and costs.

In support of their request for attorney's fees, Plaintiffs submit that attorney's fees in this case have been $61,687.75 to date. Costs have totaled $7071.14. See <u>Exhibit E to Decl. of Cohen, Affidavit of Kevin Thobias.</u>

## **CONCLUSION**

Plaintiffs respectfully requests the Court grant their Motion for Default Judgment and award a permanent injunction enjoining Defendants' from making false advertisements, defamatory statements, and engaging in unfair competition with Plaintiffs. Furthermore, Plaintiffs respectfully requests that the Court grant their request for costs and find this to be an extraordinary case for purposes of the Lanham Act and grant its request for attorney's fees.

Respectfully submitted,

DATED: August 12, 2019                                 /s/ Berwin Cohen

Berwin Cohen
Wolffers Cohen & Edderai, LLP
325 W. 38th Street, Suite 1502
New York, NY
berwin@wolfferscohen.com