Samuel L. Butt
Of Counsel

SCHLAM STONE & DOLAN LLP

sbutt@schlamstone.com

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

September 10, 2019

**BY ECF AND FEDERAL EXPRESS**

Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     **Better Mornings, LLC et ano. v. Joseph Nilsen et ano., Case No: 2:19-cv-03854**

Dear Judge Seybert:

This firm represents Defendants Joseph Nilsen and Digital Checkmate, Inc. ("Digital Checkmate" and with Mr. Nilsen "Defendants") in the above-captioned action.  Plaintiffs Better Mornings, LLC and Island Breeze, LLC allege, in brief, that Defendants have interfered with Plaintiffs' virtual storefronts by, *inter alia*, changing product information and pictures, through so-called flat file attacks, posting negative product reviews, and a Twitter posting.  I write pursuant to Your Honor's Individual Practices Rule IV.G to request a pre-motion conference with respect to Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6).

As an initial matter, Mr. Nilsen was never properly served.   Plaintiffs claim the complaint was left with a person of suitable age and discretion at 528 Syracuse Avenue, Massapequa, NY.  Mr. Nilsen does not reside at that address.  That is the address of his parents.  Thus, service was not proper under Fed. R. Civ. P. 4(e) or CPLR § 308(2).[1]

The Complaint must further be dismissed against Digital Checkmate or insofar as brought on behalf of Plaintiff Island Breeze.  There are no non-conclusory allegations as to any action taken by Digital Checkmate.   Beyond a few background allegations, (Cmplt. ¶¶ 2, 8, 9, 11, 22, 42(e),) Plaintiffs lump Mr. Nilsen and Digital Checkmate together as "Defendants."  (*See* Cmplt. ¶¶ 73, 75, 76).  Island Breeze is specifically mentioned in a substantive way only in ¶ 50 of the Complaint; otherwise it is grouped with Better Mornings as "Nutragroup".  Such conclusory allegations, as well as grouping parties together, is insufficient to state a plausible claim.  *See, e.g., Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990); *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).

---

[1] I proposed to Plaintiffs' counsel that I would accept service on behalf of Defendants in exchange for an extension of time to respond.  Plaintiffs' counsel rejected this offer, which required my moving for an extension of time to respond to the Complaint.  (D.E. 11).  Despite our appearance, Plaintiffs moved for default judgment.  (D.E. 12).  By Electronic Order, entered August 13, 2019, this Court granted Defendants' motion for an extension of time to respond to the complaint and denied Plaintiffs' motion.

Plaintiffs have further failed to state a Lanham Act claim for false advertising. First, 15 U.S.C. § 1125(a)(1)(B) requires the act be "in commercial advertising or promotion" which in turn requires that the contested representations be "part of an organized campaign to penetrate the relevant market." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002). The allegations that the flat files were altered, that negative reviews were posted, or concerning the Twitter posting cannot be part of an attempt to penetrate the relevant market, as required, simply because they were not advertising any product that Mr. Nilsen allegedly sold. Second, there are insufficient factual allegations from which the Court could plausibly infer that Mr. Nilsen or, as discussed above, Digital Checkmate, were behind the alleged flat file attacks, negative reviews, or Twitter posting. Plaintiffs allege that Mr. Nilsen once shared a flat file containing certain images and keywords, but do not specify to whom, when or in what context this sharing allegedly occurred. (Cmplt. ¶ 30). None of Plaintiffs' other allegations attempting to connect Defendants to such attacks refer in any way to flat files. (Cmplt. ¶¶ 37, 66-67, 69). Third, there are no factual allegations supporting the conclusion that the Twitter account was related to Mr. Nilsen, that certain reviews were posted by him or even at his behest, or that e-mails ostensibly from Mabelle Nollie were actually from Mr. Nilsen. Additionally, the communications with Windy Shields and Adept Life Sciences ("Adept") cannot support a Lanham Act claim because there are no allegations that the claims were widespread, that Mr. Nilsen was trying to sell any products to Ms. Shields or Adept, or that Ms. Shields or Adept took any action based on them that damaged Plaintiffs. *See Fashion Boutique of Short Hills, Inc.*, 314 F.3d at 57.

Plaintiffs' state law claims must be dismissed as well. Although specifically pled under New York law, the law of Puerto Rico should apply under both the New York and federal choice of law doctrines that use the most significant interest or relationship test, since that is where Plaintiffs reside. *Moscovits v. Magyar Cukor Rt.*, 2001 WL 767004, at *7 (S.D.N.Y. July 9, 2001), *aff'd* 34 F. App'x 24 (2d Cir. 2002). While Puerto Rico does not appear to have a distinct cause of action for commercial defamation, *see Rojas-Buscaglia v. Taburno-Vasarhelyi*, 113 F. Supp. 3d 534, 544–45 (D.P.R. 2015), the allegations of defamation would fail for the same reasons they fail under New York law, as discussed below. "Puerto Rico law on product disparagement is scanty." *Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of U.S., Inc.*, 233 F.3d 24, 30 (1st Cir. 2000). As the claim is based on essentially the same allegations as the defamation claim, it should be dismissed for the same reason. *Id.* Finally, Puerto Rico does not appear to have a consumer protection statute. *See Simonet v. SmithKline Beecham Corp.*, 506 F. Supp.2d 77 (D.P.R. 2007).

Even if New York law were to apply, Plaintiffs' state law claims must be dismissed. Defamation and disparagement in the commercial context are distinct causes of action.

*Dentsply Int'l Inc. v. Dental Brands for Less LLC*, 2016 WL 6310777, at \*6 (S.D.N.Y. Oct. 27, 2016).  Plaintiffs' Second Cause of Action predominately relates to claims concerning Plaintiffs' products, (Cmplt. ¶¶ 84, 85), and is thus one of product disparagement, which requires special damages be plead.  Plaintiffs have not done so, as even approximate dollar amounts are insufficient.  *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 277–78 (S.D.N.Y. 2003).  The remaining alleged defamatory statements concern not Plaintiffs but Kevin Thobias, who is not a party here.  Thus, Plaintiffs do not have standing to bring claims based on such statements.  Finally, the claim fails because the alleged statements are plainly opinion and thus not actionable.  *See Qureshi v. St. Barnabas Hospital Center*, 430 F.Supp.2d 279, 288 (S.D.N.Y.2006).  The claim that Mr. Thobias, and others, are operating a "cartel" and "criminals" in the alleged Twitter posting can, in context, be viewed only as opinion.  The Twitter posting asks for an investigation, which also requires the conclusion that the statements are mere opinions.

Plaintiffs' Third Cause of Action for Product Disparagement under New York law must be dismissed because, as discussed, Plaintiffs have failed to allege special damages. Further, specifically with respect to the alleged e-mails from Mabelle Nollie and communications with Windy Shields, Plaintiffs have failed to allege any damages, as they do not allege that any manufacturers stopped formulating its supplement.  And, as set forth above, Plaintiffs have not plausibly alleged that Mr. Nilsen had anything to do with the alleged Twitter posting, negative reviews, e-mails, Youtube video or flat file attacks.

Plaintiffs' Fourth Cause of Action for Violation of New York Gen. Bus. Law § 349 fails for several reasons as well.  First, to the extent this claim is premised on the Mabelle Nollie emails, or the calls with Adept and Ms. Shields, they are not "consumer-oriented" conduct, but rather emails to companies that are third-party manufacturers.  (Cmplt. ¶ 61).  *See St. Patrick's Home for Aged & Infirm v. Laticrete, Int'l, Inc.*, 264 A.D.2d 652, 655 (1st Dep't 1999) (no consumer-oriented conduct because no contact with ultimate consumer).  The alleged Twitter posting does not mention Better Mornings in any substantive way and does not mention Nutragroup or Island Breeze at all.  (See Cmplt. Ex. 3).  Plaintiffs therefore have no claim based on this conduct.  And, as above, Plaintiffs have not plausibly alleged that Mr. Nilsen or Digital Checkmate were the ones behind the flat file attacks, the alleged bad product reviews, Twitter posting or other conduct.

Last, the action must be dismissed or stayed because Plaintiffs are foreign limited liability companies doing business in New York, but they are not registered in the state and not authorized to do business in the state.  NY Limit Liab Co § 808 (McKinney).

We thank the Court for its attention to this matter and respectfully request the Court memo endorse this letter and set a briefing schedule.

Respectfully submitted,

Samuel L. Butt

Copies To (via ECF):
Lorenz Wolffers, Esq.
Berwin Cohen, Esq.
William Talbolt, Esq.