

325 W. 38th Street, New York, NY · 646.807.8543 · www.wolfferscohen.com

September 11, 2019

**Via ECF**
Hon. Steven Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Case No.: 2:19-cv-03854,** *Better Mornings et al. v. Nilsen et al.*

Dear Magistrate Judge Locke,

This firm represents Plaintiffs Better Mornings and Island Breeze in the above-referenced matter. Earlier today, counsel for Defendants Joseph Nilsen and Digital Checkmate ("Defendants") filed a letter seeking to delay the Rule 26(f) conference until after Defendants submit an answer. Plaintiffs respectfully request that the Court deny Defendants' request, so that the conference can proceed on the timeline prescribed in the F.R.C.P.

By way of factual background, Plaintiffs' counsel William Talbot emailed Defendants' counsel Samuel Butt on September 5, 2019 asking for dates to hold the Rule 26(f) conference. Mr. Butt responded on September 9, 2019, refusing to conference on the ground that he did not consider the conference "useful" at this stage of the litigation, in light of an anticipated motion to dismiss. Mr. Talbot replied that the conference is obligatory and that Defendants' concerns about the discovery process could be addressed at the conference. As Plaintiffs' counsel felt that the Rule 26(f) conference should take place on the usual timeline, and Defendants' counsel felt it should not take place until several months later, no agreement was found, and Defendants have now elected to seek a delay with the Court.

Because formal discovery cannot begin until after the Rule 26(f) conference, refusal to participate in the conference amounts to a stay of discovery. A party seeking a stay of discovery or an extension of time must establish good cause for the relief sought. Forsher v. J.M. Smucker Co., 2016 WL 5678567, at 1 (E.D.N.Y. Sept. 30, 2016); Mag. J. Locke Indiv. Rule 2(b). The only ground Defendants offer for staying discovery is that they have filed a pre-motion letter seeking a conference on a motion to dismiss. However, "it is black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay." Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636 at 1 (E.D.N.Y. Apr. 27, 2006). Rather, in assessing whether there is good cause to stay of discovery, the courts examine: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Id*. Defendants fail to carry their burden here.

First, Defendants have not made any "strong showing" that Plaintiffs' claims are unmeritorious, and fail to address Plaintiffs' arguments in the instant request at all. Defendants filed a letter seeking a pre-motion conference yesterday, September 10, 2019. Plaintiffs strongly disagree with

the substance and relevance of Defendants' arguments and will address them in due course. However, at this stage Defendants have not made any showing that their arguments for dismissal are valid, or even that they merit consideration in a full motion to dismiss.

With respect to the second factor, the breadth of discovery and its burden on Defendant, no discovery requests have been served or proposed, and Defendants have not identified any particular burden they would suffer if they were to participate in the Rule 26(f) conference on the schedule set out in the F.R.C.P. There is clearly no immediate burden from a timely conference, as no discovery requests will actually be due until at least six weeks from the date of this letter—the Rule 26(f) conference must be held, a report prepared in the 14-day period following the conference, and discovery requests issued, with the parties served with those requests then having 30 days to reply. Further, one of the purposes of the Rule 26(f) conference is to address the parties' respective discovery burdens and try to find a fair compromise without involving the court. Rather than trying to find such a compromise, Defendants are refusing to participate in that process, instead demanding intervention of the Court to stay discovery completely. This is also a straightforward case, with a 17-page Complaint and comparatively modest damages at issue, so discovery is not likely to be extensive.

With respect to the third factor, Plaintiffs would be substantially prejudiced by a further delay. Delaying the conference until after Defendants' answer would delay the beginning of discovery by several months, as there is no conference currently set on Defendant's request for a pre-motion conference, let alone a briefing schedule on a motion to dismiss, a ruling setting a date for Defendants to answer, etc. Further, Defendants have continued to attack Plaintiffs' products even after retaining counsel, and delays in the progress of this case therefore increase Plaintiffs' losses.

Finally, it should be noted that this is not the first deadline Defendants have ignored or sought to avoid, and Defendants' counsel's statement that his request is the "first request for an extension of time of such deadlines" is not accurate. Rather, Defendants failed to timely respond to the Complaint, so that a default was entered against them. Dkt. No. 10, Certificate of Default. Defendants were therefore obligated to file a letter motion seeking an extension of time to respond to the Complaint, which was duly granted. Dkt. No. 11, Defendants' Letter Motion. In light of these earlier delays, Defendants' pending request to delay the conference appears to be another incident in a pattern of strategic obstructionism.

On the basis of the foregoing, Plaintiffs respectfully request that the court deny Defendants' request to delay the Rule 26(f) conference.

WOLFFERS COHEN & EDDERAI, LLP

By: /s/ Berwin Cohen
Name: Berwin Cohen
Title: Partner

Copies To (via ECF):
Samuel L. Butt
Jeffrey M. Eilender