Samuel L. Butt
Of Counsel

sbutt@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

September 12, 2019

**BY ECF**
Hon. Steven Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     **Better Mornings, LLC et ano. v. Joseph Nilsen et ano., Case No: 2:19-cv-03854**

Dear Magistrate Judge Locke:

This firm represents Defendants Joseph Nilsen and Digital Checkmate, Inc. ("Defendants") in the above-captioned action.  Without belaboring the issues, I believe it is necessary to respond briefly to certain points in Plaintiffs' counsel's letter of yesterday evening to the Court.  (D.E. 16).

Plaintiffs rely on the standard for a stay of discovery under Fed. R. Civ. P. 26, rather than for adjourning the deadline for a scheduling order under Fed. R. Civ. P. 16(b).  In any event, the case cited by Plaintiffs for the proposition that a motion to dismiss does not constitute good cause for a stay of discovery actually held that such a stay pending a motion to dismiss was proper.  *Telesca v. Long Island Housing Partnership, Inc.*, 2006 WL 1120636 (E.D.N.Y. Apr. 27, 2006) (granting motion to stay discovery during pendency of motions to dismiss).  For all the reasons set forth in Defendants' pre-motion letter, (D.E. 14), Plaintiffs' claims lack merit.  As to Plaintiffs' claim of prejudice, they make the conclusory allegation that Defendants have continued to attack Plaintiffs' products since the filing of the Complaint, but fail to make any showing that such claimed attacks are the work of Defendants.  Plaintiffs appear to believe that an aggressive stance will somehow mask the lack of merit to their claims.

Also, it is misleading for Plaintiffs' counsel to argue that Defendants have sought to avoid or ignore other deadlines.  As set forth in our August 12, 2019, letter to this Court and Judge Seybert, Mr. Nilsen was not properly served and the service of Digital Checkmate through the New York Secretary of State was sent to an outdated address.  As also set forth in that letter, we promptly reached out to Plaintiffs' counsel to work out a time to respond, but Plaintiffs' counsel refused even this reasonable request.  (D.E. 11).  Plaintiffs then moved for default judgment, a motion that Judge Seybert summarily

denied in granting Defendants' request for an extension of time to respond to the Complaint. (Electronic Order dated August 13, 2019).

Accordingly, we respectfully submit that Defendants have made the necessary showing to adjourn the deadline for the Rule 26(f) conference and issuance of a Scheduling Order. We thank the Court for its attention to this matter.

Respectfully submitted,

Samuel L. Butt

Copies To (via ECF):
Lorenz Wolffers, Esq.
Berwin Cohen, Esq.
William Talbolt, Esq.