

325 W. 38th Street, New York, NY · 646.807.8543 · www.wolfferscohen.com

September 17, 2019

**Via ECF**
Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Case No.: 2:19-cv-03854,** *Better Mornings et al. v. Nilsen et al.*

Dear Judge Seybert,

This firm represents Plaintiffs Better Mornings and Island Breeze in the above-referenced matter (collectively, "Plaintiffs"). On September 10, 2019, counsel for Defendants Joseph Nilsen and Digital Checkmate (collectively, "Defendants") filed a letter seeking a pre-motion conference on a potential motion to dismiss the Complaint in this action. Plaintiffs respectfully request that the Court deny Defendants' request to file a motion to dismiss for the reasons stated below.

First, as shown by the attached investigative report, Defendants' contention that Defendant Nilsen was not properly served is without merit. Mr. Nilsen's address was confirmed before the complaint was served, and his mother confirmed that Mr. Nilsen would receive any papers delivered there, as he apparently did receive the Complaint. See Exhibit 1, Investigator's Report. Thus, service was proper under CPLR § 308(2) and Fed. R. Civ. P. 4, and a motion to dismiss for improper service under Fed. R. Civ. P. 12(b)(2/5) would be groundless.

Defendants' proposed motion to dismiss under Fed. R. Civ. P. 12(b)(6) would also be futile under the lenient "Iqbal/Twombly" standard. In reviewing the complaint, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in Plaintiffs' favor, determining whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

The Complaint plainly meets that standard. See Dkt. No. 1, Complaint. In each of their claims Plaintiffs allege sufficient facts to allow the Court to infer each Defendant is responsible for particular harm to the individual Plaintiffs. See e.g., Compl. ¶¶ 46-56, 73, 84.

Defendants do not claim that any of these factual allegations are untrue, instead mischaracterizing them as legal conclusions, or arguing that the individual Plaintiffs or Defendants are "lumped together" in the Complaint. These arguments do not reflect precedent or the actual language of the Complaint. The case cited by Defendants in support of their argument, *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, involved an inapposite and extreme situation where plaintiffs alleged the harmful acts at issue had been committed collectively by 17 unconnected defendants with no clear relationship. Here, the only two defendants are Mr. Nilsen and his controlled company, Digital Checkmate. Further, the recitation of facts makes clear what

is alleged against each Defendant for orchestrating attacks on Better Mornings or Island Breeze product listings, depending on the particular attack, sufficient to give Defendants notice of the allegations against them. See e.g. Compl. ¶¶50, 51.

Defendants' other attacks on the sufficiency of the allegations, and their claims that there is no evidence allowing the court to infer a relationship between Defendants and the attacks, are also misguided. The Complaint specifically states that Defendants' attacks were part of a long pattern of attacking competing Amazon sellers, and contains numerous other factual allegations connecting Defendants to these attacks. See e.g., Compl. ¶¶33-41. This factual background is simple: (a) in fall 2018, Mr. Nilsen, through Digital Checkmate, began working with Plaintiffs to improve their nutritional supplement business (Compl. ¶ 20); (b) with the help of Kevin Thobias, Plaintiffs' founder and president, Mr. Nilsen started selling nutritional supplements of his own (Compl. ¶¶ 20-23); (c) Mr. Thobias and Mr. Nilsen had a falling out, precipitated by Mr. Nilsen's unusual behavior and "flat file" attacks he executed on other Amazon sellers in the supplement market, some of whom were Mr. Thobias's friends (Compl. ¶¶ 24-33); (d) Mr. Nilsen subsequently began executing the same kind of attacks on Mr. Nilsen, leaving markers which allowed Plaintiffs to trace the attacks to him (Compl. ¶¶ 37, 41-42). This dynamic is hardly unprecedented or so implausible that the court cannot infer that Defendants are liable for the misconduct that has harmed Plaintiffs.

Defendants also argue that Plaintiffs' Lanham Act false advertising claim fails because Defendants' false statements were not part of a campaign to penetrate the relevant market. As stated in the Complaint, Defendant Nilsen sells competing nutritional supplements on Amazon, and is therefore in direct competition with both Better Mornings and Island Breeze in the relevant market. See Compl. ¶¶ 22-24.

Defendants also argue that the court must apply Puerto Rican law to Plaintiffs' state law claims because Plaintiffs are based in Puerto Rico. This is an oversimplification of the applicable standard. First, courts in this Circuit generally do not engage in a choice of law analysis at the dismissal stage. Bristol–Myers Squibb Co. v. Matrix Labs. Ltd., 655 F. App'x 9, 13 (2d Cir. 2016). Second, in this case the defamatory and disparaging statements were published nationally, on some of the most trafficked websites on the Internet, and so any choice of law inquiry is not as simple as applying the law of the state where the Plaintiffs reside. In such multistate defamation cases, "New York courts weigh all the factors that might impact on the interests of various states in the litigation to make a choice of law determination," including, "where the plaintiff suffered the greatest injury"; "where the statements emanated and were broadcast"; "where the activities to which the allegedly defamatory statements refer took place"; and "the policy interests of the states whose law might apply." Catalanello v. Kramer, 18 F. Supp. 3d 504, 512 (S.D.N.Y. 2014), quoting Condit v. Dunne, 317 F.Supp.2d 344, 353 (S.D.N.Y.2004). The attacks were orchestrated by Mr. Nilsen in his home state of New York. Further, New York is a larger market for Plaintiffs than Puerto Rico, and Plaintiffs suffered far greater injury in this state than in Puerto Rico. The case cited by Defendants in support of their argument, *Moscovits v. Magyar Cukor Rt.*, concerns the importance of residence in a forum dispute, not a choice of law analysis.

Defendants' response to Plaintiffs' commercial defamation claim is also unavailing. Defendants argue, without citation or further explanation, that Plaintiffs' commercial defamation claim is actually a product disparagement claim, and that this purported product disparagement claim

fails because special damages have not been pleaded. Plaintiffs' commercial defamation claim plainly conforms to the pleading requirements for commercial defamation by identifying defamatory statements made about Better Mornings and Island Breeze as businesses, and about Mr. Thobias in his role as president of those businesses. See e.g., Compl. ¶¶ 60-71; Exhs. to Compl. 2-3.  Those attacks are distinguished from Defendants' false statements about Better Mornings and Island Breeze products, which ground Plaintiffs' product disparagement claim. Compl. ¶¶ 42-59; Exh. To Compl. 1.To the extent Defendants' argument about special damages is pertinent to Plaintiffs' actual product disparagement claim, Defendants misstate the relevant standard. Defendants' disparaging statements were disseminated widely via Amazon.com and various social media websites, and the nature of Amazon sales prevents specific identification of lost customers. In this situation, special damages need not be pleaded. Verizon Directories Corp. v. Yellow Book USA, Inc., 309 F. Supp. 2d 401, 406 (E.D.N.Y. 2004).

Defendants' argument that statements referring to Plaintiffs an an "organization of federal criminals" who "falsify and/or forge federal documents" (Compl. ¶ 69) are protected statements of opinion is inaccurate on its face, and also does not reflect the applicable standard. Stating that a business organization consists of convicted criminals or has falsified federal documents is not an opinion, but a provably false statement of fact. Further, even if Defendants' statements were expressions of opinion, opinions are not protected where they imply provably false facts, such as a criminal conviction or a falsification of documents. Levin v. McPhee, 119 F.3d 189, 196 (2d Cir. 1997), citing Milkovich v. Lorain Journal, 497 U.S. 1 (1990).

Plaintiffs' New York Gen. Bus. Law § 349 claim properly alleges that, by disseminating false and deceptive claims about the safety and quality of Plaintiffs' products, both through Plaintiffs' Amazon product listings and social media sites such as Twitter, Defendants are engaging in "consumer-oriented" deceptive conduct intended to cause concern among consumers about the safety and efficacy of Plaintiffs' products. Compl. ¶¶ 103-104. Defendants' perfunctory claims about the sufficiency of the evidence do not reflect the reality of Plaintiffs' evidence, or the Iqbal/Twombly standard.

Finally, Defendants argue that Plaintiffs have run afoul of N.Y. L.L.C. Law § 808, which prohibits an LLC from "maintain[ing] any action, suit or special proceeding in any court of this state unless and until" a New York state Certificate of Authority is obtained. This action is not in state court, and thus § 808 is not relevant.

In short, Defendants' arguments suggest that they are seeking to submit the kind of reflexive, *pro forma* motion to dismiss that Individual Rule IV(G) seems designed to avoid. Plaintiffs' Complaint conforms with Rule 12 and the Iqbal/Twombly standard, and Defendants' arguments to the contrary lack merit. On the basis of the foregoing, Plaintiffs respectfully request that the court decline to endorse Defendants' pre-motion letter and order Defendants to promptly answer.

(*Signature on Next Page*)

                                        WOLFFERS COHEN & EDDERAI, LLP

                                        By: /s/ Berwin Cohen
                                        Name: Berwin Cohen
                                        Title: Partner

Copies To (via ECF):
Samuel L. Butt
Jeffrey M. Eilender