Berwin Cohen (FBN:BC0579)
berwin@wolfferscohen.com
Lorenz Wolffers (FBN:LW6950)
lorenz@wolfferscohen.com
Wolffers Cohen & Edderai LLP
325 W. 38th Street, Suite 1502
New York, NY 10952
P: 646-807-8543 F: 646-619-4358

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTER MORNINGS, LLC and ISLAND BREEZE, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH NILSEN and DIGITAL CHECKMATE, INC.<br><br>Defendants. | Case No.: 2:19-cv-03854<br><br>**RULE 26(f) REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f), on September 19, 2019, at 5:00 PM via telephone conference and follow-on email correspondence thereafter, the following parties to this action met and conferred on the topics outlined in this report and discovery plan:

Berwin Cohen and William Talbot, counsel for Plaintiffs BETTER MORNINGS, LLC and ISLAND BREEZE, LLC.

Jeffrey M. Eilender and Samuel L. Butt, counsel for Defendants JOSEPH NILSEN and DIGITAL CHECKMATE, INC.

1. **Nature of Claims and Defenses**. Plaintiffs claim that Defendants damaged their business by interfering with the normal commercial operation of Plaintiffs' virtual storefronts on the internet marketplace Amazon.com, particularly by infiltrating Plaintiffs' product listings and listing false and defamatory product information in an attempt to get particular products removed from sale by Amazon, and making false and damaging statements on social media

platforms to dissuade customers from purchasing those products. Plaintiffs brought this action for damages and to restrain the Defendants from further interfering with and damaging its business interests by unlawful and malicious conduct, including false advertising under 15 USC §1125(a), product disparagement, commercial defamation, and deceptive business practices under New York Gen. Bus. Law § 349.

Defendants Joseph Nilsen and Digital Checkmate, Inc. deny the allegations in the Complaint and that if anything Plaintiffs are actually guilty of perpetrating as against their other competitors the very same misconduct of which they falsely accuse defendants and that this is a sham case to stifle competition. Defendant Nilsen also contends there is no personal jurisdiction over him as he was not properly served. Defendants also contend that Plaintiffs' Lanham Act claim fails because the complained of conduct does not constitute false advertising, and that Plaintiffs' state law cause of action also fail to state a claim.

2. **Initial Disclosures.** The parties agree to exchange the initial disclosures required under FRCP 26(a)(1) no later than October 3, 2019.

3. **Anticipated Discovery.** The parties jointly propose to the Court discovery on the following topics:

   Plaintiffs plan to conduct discovery on the following topics:

   (1) Written discovery on Defendants' history and business practices; Defendants' relationships with employees, agents, and other third parties; and Defendants' relationship with Plaintiffs and their personnel, among other pertinent topics;

   (2) Any follow-up written discovery, meet and confer proceedings, or motions to compel necessary in light of Defendants' responses to Plaintiffs' earlier written discovery requests;

   (3) Rule 30(b)(6) deposition of Defendant Digital Checkmate, Inc. on various policies, practices, and data/information sources, including digital media and marketplace practices and policies, employment policies, and other pertinent topics;

(4) Depositions of one or more (probably several) of Defendants' employees, agents, and other business associates with respect to Defendants' business practices and methods.

Defendants plan to conduct discovery on

(i) Written discovery on Plaintiffs' history and business practices; Plaintiffs' relationship with employees, agents, and other third parties; Plaintiffs' relationship with Defendants and their personnel; and Plaintiffs' alleged damages, including sales data; evidence concerning the alleged attacks and other claimed statements by Defendants; allegations in the complaint; among other pertinent topics.

(ii) Any follow-up written discovery, meet and confer proceedings, or motions to compel necessary in light of Plaintiffs' responses to Defendants' earlier written discovery requests;

(iii) (3) Rule 30(b)(6) deposition of each of Plaintiffs. on various policies, practices, and data/information sources, including digital media and marketplace practices and policies, employment policies, sales data, damages, allegations in the complaint, and other pertinent topics;

(iv) (4) Depositions of Kevin Thobias and one or more (probably several) of Plaintiffs' employees, agents, and other business associates with respect to the aforementioned topics.

(v)

4. **<u>Discovery Schedule.</u>** The parties jointly propose the following discovery deadlines and limits:

   a. The parties shall serve their:
      i. interrogatories under FRCP 33 by July 1, 2020.
      ii. requests for production of documents under FRCP 34 by July 1, 2020.
      iii. requests for admission under FRCP 36 by July 1, 2020.
   b. The parties shall make expert disclosures under FRCP 26(a)(2) by May 1, 2020.

    c. The parties shall serve their opening experts' reports under FRCP 26(a)(2) by May 1, 2020.

    d. The parties shall serve their rebuttal expert reports under FRCP 26(a)(2) by July 15, 2020.

    e. The parties shall complete all fact and expert discovery by August 31, 2020. Non-expert depositions shall occur on or before the discovery cutoff, but expert depositions may occur after the discovery cutoff.

5. **Privilege Claims.** The parties recognize that they may inadvertently disclose privileged material in the course of litigation. The parties agree that they must disclose on a privilege log any information they withhold from production based on privilege or work product protection. The parties will describe in the privilege log the nature of the withheld information as required by FRCP 26(b)(5)(A) so that the other parties can assess the privilege claim.

6. **Pre-Trial Motions**. The parties agree that:

    a. For dispositive motions, they must serve:

        i. moving papers by September 1, 2020;

        ii. responding papers by September 8, 2020; and

        iii. reply papers by September 15, 2020.

7. **Proposed Trial Date.** The parties propose a trial beginning December 9, 2020. The parties estimate trial will take one week.

8. **Consent for Magistrate Judge**. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

9. **Modification.** This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

[*Signature Page Follows*]

DATED: October 3, 2019

___/s/ Samuel L. Butt_____                    ___/s/ Berwin Cohen_____

Schlam Stone and Dolan LLP                      Wolffers Cohen and Edderai LLP
26 Broadway                                     325 W. 38th, 15th Floor
New York, NY 10004                              New York, NY 10016